IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTHUR L. ROBINSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 23-CV-629-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Arthur L. Robinson filed a habeas corpus petition pursuant to 28 U.S.C. § 2255 seeking resentencing. He asserts that his predicate offenses no longer qualify him for a sentencing enhancement under the Armed Career Criminal Act following *Borden v. United States*, 141 S.Ct. 1817 (2021) (Doc. 1).

Now pending before the Court are Robinson's Petition and motions for an evidentiary hearing (Doc. 2) and appointment of counsel (Doc. 3). For the following reasons, the Petition and motions are **DENIED**.[1]

### Background

Petitioner Robinson is a federal prisoner incarcerated at FCI-Memphis. On February 23, 2017, Robinson was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States of America v. Arthur L. Robinson,* Case No. 17-cr-30041 (S.D. Ill. Feb. 23, 2017, Doc. 1). He pleaded guilty and was sentenced to 188 months of imprisonment. *United States of America v. Arthur L. Robinson,* Case No. 17-cr-30041 (S.D. Ill.

---

[1] The Court concludes that the issues in this case can be resolved on the existing record; an evidentiary hearing is not necessary. *See, Cooper v. United States,* 378 F.3d 638, 641-642 (7th Cir. 1987). Therefore, Robinson's Motion for an Evidentiary Hearing (Doc. 2) is **DENIED**.

May 30, 2018, Doc. 51).

Following an appeal that challenged the Court's failure to credit him with acceptance of responsibility, he was resentenced on March 23, 2021, to 180 months of imprisonment. *United States of America v. Arthur L. Robinson,* Case No. 17-cr-30041 (S.D. Ill. Mar. 23, 2021, Doc. 87). Robinson filed a second direct appeal of that resentencing decision, arguing that, "After [Borden v. United States] he no longer qualifies for the armed-career-criminal mandatory minimum and so his sentence should again be vacated." *United States v. Robinson*, 29 F.4th 370, 371 (7th Cir. 2022). The Seventh Circuit rejected this argument, finding, "*Borden*, it follows, is irrelevant to Robinson's status, because his predicate violent offense was not a reckless crime." *Id.* at 377. The Seventh Circuit also found that Robinson was properly sentenced as an armed career criminal and noted that regardless of whether he forfeited or waived this argument, "This is the end of this line for Robinson." *Id.* Nevertheless, Robinson filed the instant petition in which he re-asserts his argument that he did not qualify as an armed career criminal following *Borden v. United States*, 141 S.Ct. 1817 (2021) (Doc. 1, p. 4-5, 16-17).

## Preliminary Review

Under Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts, a judge receiving a § 2255 petition must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." An action brought under 28 U.S.C. § 2255 is an attempt to collaterally attack a sentence outside of the traditional avenue of appeal. Such relief "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878

(7th Cir. 2013). A § 2255 petition cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007).

Here, Robinson's Petition raises the same arguments that the Seventh Circuit Court of Appeals has already analyzed and rejected – that he was improperly sentenced as an armed career criminal and that his predicate offenses should be re-analyzed following *Borden v. United States*, 141 S.Ct. 1817 (2021). Robinson has not provided any change in circumstance in fact or law that would allow him to relitigate these claims. *See Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances of fact or law). Thus, his Petition is nothing more than an improper attempt to re-litigate issues already decided through his direct appeals and does not survive preliminary review.

## Conclusion

For the foregoing reasons, Robinson's Petition is **DENIED**. This case is **DISMISSED with prejudice**; the Clerk of Court is **DIRECTED** to enter judgment accordingly. Robinson's motion for appointment of counsel (Doc. 3) is **TERMINATED as MOOT**.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335-336 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Robinson cannot demonstrate that reasonable jurists would disagree with the Court's analysis that his petition is merely an attempt to re-litigate his direct appeal.  Therefore, the Court declines to certify any issues for appeal.

**IT IS SO ORDERED.**

**DATED:  June 7, 2023**

**STACI M. YANDLE**
**United States District Judge**